Ethyle E. MOORE, Appellant,

v.

ROXY AUTO CO.

No. 11949.

United States Court of Appeals Third Circuit.

Argued Oct. 15, 1956.

Decided Oct. 19, 1956.

Samuel Melnick, Philadelphia, Pa., for appellant.

Morton S. Gorelick, Philadelphia, Pa. (Sylvan C. Balder, Blanc, Steinberg, Balder & Steinbrook, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and Mc-LAUGHLIN, Circuit Judges.

PER CURIAM.

The plaintiff appeals from the action of the District Court for the Eastern District of Pennsylvania in entering judgment against her n. o. v. in her suit brought under section 409(c) of the Defense Production Act of 1950, 50 U.S.C.A. Appendix, § 2109(c), to recover damages for charges in excess of ceiling prices alleged to have been made by the defendant upon the sale of an automobile to her in July 1951. A verdict in favor of the plaintiff for $195 was rendered by the jury. The court, upon the defendant's motion, entered judgment in its favor n. o. v. upon the ground that the plaintiff was not entitled to maintain the suit under section 409(c) of the Defense Production Act.

The court was right in so doing. The right of action given to purchasers by section 409(c) of the Defense Production Act was only to a person who buys "for use or consumption other than in the course of trade or business." This resulted in practically limiting the class of buyers who can sue in their own right to purchasers of household articles, food, dress, luxuries and the like. Bowles v. Heinel Motors, D.C.Pa.1944, 59 F.Supp. 759, affirmed 3 Cir., 1945, 149 F.2d 815, certiorari denied 326 U.S. 760, 66 S.Ct. 141, 90 L.Ed. 457; Reconstruction Finance Corp. v. Foust Distilling Co., 3 Cir., 1953, 204 F.2d 343. In this case the plaintiff, a self-employed practical nurse, admitted that she purchased the automobile in question for use in her work and that she did use it in her business for the purpose of transportation to and from the places where she was doing private nursing duty. The court rightly held that this admission took her out of the class of buyers entitled to sue under section 409(c).

The judgment of the district court will be affirmed.